UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CORY MILLS,                        )
                                   )
         Petitioner,               )
v.                                 )    No. 2:10-cv-104-WTL-TAB
                                   )
BRUCE LEMMON,                      )
                                   )
         Respondent.               )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Cory Mills ("Mills"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Mills was convicted in an Indiana state court of the unlawful possession of a handgun by a serious violent felon. He was also found to be an habitual offender. He reached a plea agreement with the State of Indiana. The trial court denied Mills' request to withdraw his plea and imposed sentence. The present action was filed after the denial of Mills' petition for post-conviction relief was affirmed on appeal. He now challenges his conviction through his petition for writ of habeas corpus.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations is tolled for that

period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett,* 121 S. Ct. 361, 362 (2000).

**B.**

The facts pertinent to the computation of the statute of limitations are the following:

- Mills was sentenced on March 28, 2003. He did not file a direct appeal pertaining to either his conviction or his sentence.

- On January 6, 2004, Mills filed an action for post-conviction relief. That action was denied by the trial court. That denial was affirmed on appeal in i2 *Mills v. State,* 855 N.E.2d 296 (Ind.Ct.App. 2006), which was affirmed by the Indiana Supreme Court in *Mills v. State,* 868 N.E.2d 446 (Ind. 2007), after transfer had been granted. In its decision, the Indiana Supreme Court explained: "Mills could have directly appealed the denial of his motion to withdraw his guilty plea. Mills cannot now use Post-Conviction Rule 1 proceedings to raise a claim that should have been appealed directly." *Id.,* 868 N.E.2d at 452-53.

- In a pleading purportedly served upon the State on December 21, 2007, "or there about," Mills sought to perfect a belated direct appeal and have counsel appointed to that end. Ultimately, counsel was appointed and conceded that Mills's claims regarding his guilty plea were *res judicata,* but that he had never sought direct appeal of the trial court's imposition of sentence pursuant to his plea. On June 24, 2009, the Indiana Court of Appeals affirmed the trial court's sentence. Mills sought transfer, which was denied on October 8, 2009.

- Mills filed his petition for writ of habeas corpus by counsel in this action on April 12, 2010.

**C.**

The legal significance of the foregoing facts is the following:

- Mills' conviction was "final" for purposes of the AEDPA on April 7, 2003. This was 30 days after he was sentenced and the last day on which he could have filed a notice of appeal with respect to his sentence. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- The statute of limitations established by 28 U.S.C. 2244(d) began to run on April 8, 2003.

- ! The running of the statute of limitations stopped on January 6, 2004, when Mills filed an action for post-conviction relief. The post-conviction proceeding remained pending until June 21, 2007. Based on the period of time which elapsed between Mills' conviction being final and the filing of his petition for post-conviction relief, he had 111 days remaining after the conclusion of the post-conviction proceedings on June 21, 2007, in which to which to timely seek federal habeas corpus review.

- ! The 111 days just referred to expired on ***October ??? , 2007. This was the date the statute of limitations established by 28 U.S.C. 2244(d) expired.

- ! The expiration of the statute of limitations preceded Mills' December 2007 and subsequent activity in the Indiana state courts. That activity, therefore, is irrelevant to the computation of the statute of limitations. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Mills' habeas petition was filed nearly 2½ years after the statute of limitations expired.

### D.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Mills has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mills has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 11/12/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana